UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILMA WINTHER,

        Plaintiff,                                Civil No.  05-1904-HA

        v.                                    OPINION AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff brings this action pursuant to § 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. §§ 405(g), 1383(c)(3).  She seeks judicial review of the final decision of the

1 -- OPINION AND ORDER

Commissioner of the Social Security Administration (SSA) denying her applications for Social Security Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI) disability benefits. For the reasons provided below, the court concludes that the decision of the Commissioner must be affirmed.

**ADMINISTRATIVE HISTORY**

Plaintiff filed for DIB and SSI on November 5, 2003. *See* Administrative Record 59, 267 (all remaining references to the Administrative Record will be designated by "AR" followed by the page number). After plaintiff's claim was denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge (ALJ), the Appeals Council denied further review. AR 8-10, 16-28, 44, 52-53. That denial constitutes the SSA's final administrative decision in this matter. Plaintiff filed this Complaint seeking judicial review of this result.

**BACKGROUND**

Plaintiff was fifty-two years old at the time of the ALJ's decision, and has earned a high school diploma. AR 76. She has been diagnosed with multiple musculoscekeletal and orthopedic impairments, including bursitis, osteoarthritis, carpal tunnel syndrome, degenerative disc disease, a bulging disc injury, and somatic low back, hip, and leg pain. She has also been diagnosed morbidly obese. AR 185, 257, 263. Chronic pain led plaintiff to enter a methadone maintenance (or chronic opoid analgesia) program, which continued until at least August 2004. AR 219-42. Her work history includes work as a teacher's aide (sedentary, semiskilled), cook/waitress (medium, semiskilled), raw receiver (medium, unskilled), waitress (light, semiskilled), seed cutter (light, unskilled), ranch hand (heavy unskilled), and caregiver to the elderly. AR 76, 322-23. She last worked as a caregiver to the elderly for ten hours a week in

December 2003. AR 304-06. Plaintiff testified that she could perform her past relevant work as a teacher's aide or work with a sit-stand option, such as a package inspector or office helper. AR 325-27.

After eliciting testimony and considering the evidence presented at plaintiff's hearing, the ALJ determined that plaintiff maintained the residual functional capacity (RFC) to perform light, unskilled to low-semiskilled work. Plaintiff and vocational expert (VE) C. Kay Hartgrave testified before the ALJ. The ALJ also considered records from an orthopedic examination, an emergency room visit, and an evaluation for joining an exercise program, as well as records and opinions from several physicians, including Dr. Paul Amstutz, Dr. Edward Tackey, Dr. Robert Jackman, Dr. Mark Peterson, and Dr. Jon McKellar. AR 21-26. The ALJ concluded that plaintiff could not be considered disabled within the meaning of the regulations of the SSA. AR 27.

Plaintiff seeks judicial review of this decision. She argues that the ALJ erred in evaluating the opinions of Dr. Tackey and Dr. Jackman. Plaintiff also asserts that the ALJ erred by failing to consider the additional or cumulative effects of plaintiff's obesity. Finally, plaintiff asserts that the ALJ erred in determining plaintiff's RFC and forming proper hypothetical questions for the VE because the ALJ failed to consider Dr. Jackman's opinion.

**LEGAL STANDARDS**

A person may be eligible for DIB and SSI if he or she has insured status under the Act and suffers from a physical or mental disability. 42 U.S.C. § 423(a)(1). Persons who are sixty-five years old or older, blind, or disabled, may be eligible for SSI regardless of their insured status under the Act. *See* 42 U.S.C. § 1382(a).

A claimant is considered disabled for purposes of receiving DIB or SSI benefits if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). A person can be disabled for these purposes only if his or her impairment is of such severity that the person is not only unable to perform previous work but cannot, considering the person's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB or SSI payments. 20 C.F.R. §§ 404.1520, 416.920; *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (DIB); *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989) (SSI).

First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If so, disability benefits are denied. If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. §§ 404.1520(a), 416.920(a). If the claimant does not, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to any of a number of impairments that the Commissioner acknowledges to be so severe that they are presumed to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix

1.  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work which he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.  The claimant is entitled to disability benefits if he or she is not able to perform any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the initial burden of establishing his or her disability.  In the five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.  At step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her functional capacities and age, education and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996) (DIB); *Andrews v. Shalala,* 53 F.3d 1035, 1040 (9th Cir. 1995) (SSI).  If the Commissioner cannot meet this burden, the claimant is considered disabled for the purposes of awarding benefits under the Act.  20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1).

The Commissioner has an affirmative duty to develop the record.  20 C.F.R. §§ 404.1512(d), 416.912(d); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).  In this sense,

the proceedings are not adversarial and the Commissioner shares the burden of proof with the claimant at all stages. *Id.*; *Tackett,* 180 F.3d at 1098 n. 3.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1098. Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Id.* Substantial evidence is more than a mere scintilla, but not necessarily a preponderance, of evidence. *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

**ANALYSIS**

As reviewed above, plaintiff asserts three major arguments as grounds for remanding this action for an award of benefits. She argues that the ALJ erred in (1) discounting the opinions of Dr. Tackey and Dr. Jackman; (2) failing to properly develop the record with respect to plaintiff's obesity; and (3) insufficiently considering Dr. Jackman's evaluation in determining plaintiff's RFC. These arguments are addressed in turn.

**1.      Medical Opinions**

The court concludes that the ALJ did not err in weighing the opinions of Dr. Tackey and Dr. Jackman. While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, an ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). An ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff contends that the ALJ erred in rejecting Dr. Tackey's opinion, but fails to state which opinion the ALJ rejected or why such a rejection was improper. Dr. Tackey provided no disability or functional limitation opinion. The ALJ noted Dr. Tackey's diagnoses of bursitis, osteoarthritis, and left carpal tunnel syndrome and found her bursitis and arthritis of the hips and arthritis of the knee "severe" within the meaning of the Regulations but not severe enough to meet or equal a listed impairment. The ALJ also noted that Dr. Tackey referred plaintiff to Dr. Peterson, an orthopedic specialist, based an on MRI that showed degenerative disc disease.

However, the ALJ also referred to Dr. Peterson's contrary conclusions that claimant had no surgical pathology in her back and no apparent neurologic cause for her left thigh pain, and that the MRI findings did not correlate with the patient's symptoms of thigh pain and numbness. The ALJ further noted Dr. Peterson's recommended treatment of physical rehabilitation, rather than surgery. To the extent that plaintiff challenges the ALJ's rejection of Dr. Tackey's degenerative disc joint diagnosis and his opinion that orthopedic surgery was required, the court

concludes that the ALJ properly evaluated Dr. Tackey's diagnoses in light of a specialist's contradictory opinion. Dr. Peterson's contrary opinion regarding these issues provided substantial evidence that supported the ALJ in disregarding that aspect of Dr. Tackey's opinion.

Plaintiff also claims that the ALJ improperly disregarded the opinion of Dr. Jackman, who indicated that plaintiff was disabled based on plaintiff's history and his own examination. The ALJ referenced Dr. Jackman's report that plaintiff's low back pain and leg pain caused a fifty-five percent reduction in range of motion, and that she required a job that limited her to about two hours of sitting and less than two hours of standing or walking in an eight-hour day, and allowed her to elevate her legs at least fifty percent of the time. The ALJ also reported Dr. Jackman's opinion that plaintiff required the use of a cane, could not climb ladders, and could rarely stoop, crouch, or climb stairs. However, the ALJ also referenced Dr. McKellar's contrary opinion that plaintiff had good range of motion and no sensory deficits or objective neurologic abnormalities. Furthermore, the ALJ correctly noted that Dr. Jackman's assessment conflicted with other medical evidence and plaintiff's testimony that she could perform work with a sit/stand option or as a teacher's aide. Therefore, the court concludes that the ALJ 's rejection of Dr. Jackman's opinion was supported by substantial evidence.

**2.      Plaintiff's Obesity**

Next, plaintiff complains that the ALJ insufficiently developed the record with respect to plaintiff's obesity. *See Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (holding that it was reversible error for an ALJ to exclude obesity from sequential analysis). Plaintiff's argument is unavailing. The ALJ referenced multiple medical opinions that plaintiffs' back pain stemmed from her obesity, and concluded that plaintiff was severely impaired by her obesity.

However, as discussed above, the ALJ rationally concluded that plaintiff's impairments, including obesity, did not preclude her from performing her past relevant work as a teacher's aide, or other jobs with a sit/stand option. The ALJ's conclusion was based on substantial medical evidence, and was consistent with plaintiff's testimony.

### 3.     Residual Functional Capacity

Plaintiff further contends that the ALJ erred in assessing plaintiff's RFC because the ALJ's assessment was inconsistent with Dr. Jackman's opinion. However, as discussed above, the ALJ properly disregarded Dr. Jackman's opinion in the face of contrary medical opinions and plaintiff's testimony.

Similarly, plaintiff argues that the ALJ erred because the VE's response to the ALJ's hypothetical questions identified light, unskilled jobs (packaging inspector and office helper) that did not correlate with Dr. Jackman's assessment. However, as discussed above, the ALJ properly disregarded Dr. Jackman's assessment in light of contrary opinions by other doctors and plaintiff's testimony that she could perform the jobs of packaging inspector and officer helper, provided that they offered sit/stand options.

**CONCLUSION**

For the foregoing reasons, this court concludes that the Commissioner's decision is based on correct legal standards and is supported by substantial evidence in the record. This court will not substitute its judgment for that of the ALJ, and if the evidence can support either outcome, the court is compelled to uphold the ALJ's decision. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). As noted above, this court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as

one of the interpretations supports the decision of the ALJ. *Thomas*, 278 F.3d at 954.

Accordingly, the Commissioner's denial of plaintiff Wilda J. Winther's application for DIB and SSI is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of October, 2006.

                        \_\_/s/ Ancer L. Haggerty_____
                              Ancer L. Haggerty
                        United States District Judge